IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HERMAN HICKS,<br><br>    Plaintiff,<br><br>  v.<br><br>TOWN OF MERRILLVILLE, a municipal corporation, MERRILLVILLE POLICE OFFICER P. MASON, STAR # 380, MERILLVILLE POLICE OFFICER C. JONES, STAR # 340, MERRILLVILLE POLICE CORPORAL J. GONZALEZ, and MERILLVILLE POLICE OFFICER I. FULTZ,<br><br>    Defendants. | No. 2:19-cv-263<br><br>***Jury Trial Demanded.*** |

## SECOND AMENDED COMPLAINT AT LAW

NOW COMES Plaintiff HERMAN HICKS, complaining of the Defendants, TOWN OF MERILLVILLE, a municipal corporation; MERRILLVILLE POLICE OFFICER P. MASON, STAR # 380, MERRILLVILLE POLICE OFFICER C. JONES, STAR # 340, MERRILLVILLE POLICE CORPORAL J. GONZALEZ, Star #33, and MERILLVILLE POLICE OFFICER I. FULTZ, Star #389, and state the following:

### JURSDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Indiana.

1

USDC IN/ND case 2:19-cv-00263-JTM-JEM   document 18   filed 11/19/19   page 2 of 10

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

3. Venue is proper in the United States District Court for the Northern District of Indiana under Title 28 of the United States Code, Section 1391(b)(2), as the events complained of occurred within this district.

## **PARTIES**

4. At all times relevant herein, Plaintiff HICKS was a resident of the Town of Merrillville, Indiana, County of Lake, State of Indiana, and a citizen of the State of Indiana.

5. Police officer Defendant P. MASON, STAR # 380, was at all times relevant, a sworn police officer employed by Defendant TOWN OF MERRILLVILLE and was acting within the scope of his agency, service and/or employment with the Town of Merrillville, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Indiana.

6. Defendant TOWN OF MERRILLVILLE is a municipal corporation organized, existing and doing business under the laws of the State of Indiana, and at all times relevant provided police services in the Town of Merrillville through the Merrillville Police Department.

7. At all times relevant, including on or about February 15, 2018, the Defendant, TOWN OF MERRILLVILLE, employed a force of police officers who

served through the Merrillville Police Department and who were assigned to work within various geographical areas within the Town of Merrillville.

8. At all times relevant, including on or about February 15, 2018, the Defendant, TOWN OF MERRILLVILLE, employed a force of police officers who served through the Merrillville Police Department and who were assigned to work within various geographical areas within the Town of Merrillville.

9. Defendant Officer MASON, was at all times relevant, a sworn police officer employed by Defendant TOWN OF MERRILLVILLE and was acting within the scope of his agency, service and/or employment with the TOWN OF MERRILLVILLE, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Indiana.

10. Defendant Officer JONES, was at all times relevant, a sworn police officer employed by Defendant TOWN OF MERRILLVILLE and was acting within the scope of his agency, service and/or employment with the TOWN OF MERRILLVILLE, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Indiana.

11. Defendant Officer CONZALEZ, was at all times relevant, a sworn police officer employed by Defendant TOWN OF MERRILLVILLE and was acting within the scope of his agency, service and/or employment with the TOWN OF MERRILLVILLE, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Indiana.

12. Defendant Officer FULTZ, was at all times relevant, a sworn police officer employed by Defendant TOWN OF MERRILLVILLE and was acting within the scope of his agency, service and/or employment with the TOWN OF MERRILLVILLE, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Indiana.

## FACTS

13. On or about February 15, 2018, at or around 9:30 p.m., Plaintiff HICKS was driving in the vicinity of the 5900 block of Taft Place in Merrillville, Indiana, when he was pulled over by Defendant Officer MASON, who pulled over Plaintiff HICKS' vehicle.

14. Plaintiff HICKS immediately complied with Defendant MASON'S order to pull over his vehicle.

15. Defendant MASON exited his vehicle with his gun drawn, and ordered Plaintiff HICKS to exit to his vehicle and to get on the ground.

16. Plaintiff HICKS complied with Defendant MASON's order, getting on his knees and placing his hands behind his back.

17. Defendant JONES rushed toward HICKS and yelled him to "Get on the ground NOW, motherfucker!"

18. JONES and MASON forced HICKS' body and face to the ground. A moment later, Defendants GONZALEZ and FULTZ swarmed in.

19. One officer placed his knee and the full weight of his body on HICKS' head, forcing his face into the cement sidewalk in excess of one minute.

20. There was no need for any use of force, let alone the force used by Defendant Officers against Plaintiff HICKS.

21. Plaintiff HICKS was transported to the Lake County, Indiana Jail, and charged with Residential Entry, a felony, and Resisting Law Enforcement, a misdemeanor.

22. Plaintiff HICKS was charged based on a signed complaint by Defendant MASON.

23. Plaintiff HICKS was innocent of both charges.

24. There was no probable cause for Plaintiff HICKS to be arrested or charged with either Residential Entry or Resisting Law Enforcement.

25. Defendant MASON initiated the charges against Plaintiff HICKS out of malice.

26. Both charges against HICKS were dismissed on June 12, 2019.

### COUNT I – FEDERAL CLAIM
### 42 U.S.C. § 1983 EXCESSIVE FORCE
### DEFENDANTS MASON, JONES, GONZALEZ, AND FULTZ

27. Each paragraph of this Complaint is incorporated as if restated fully herein.

28. The force used against Plaintiff HICKS by each Defendant Officer was unnecessary and objectively unreasonable.

29. The actions of Defendants MASON, JONES, GONZALEZ, and FULTZ, constituted unreasonable, unjustifiable, and excessive force against HICKS,

violating his rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

30. As a direct and proximate cause of the above-detailed actions of Defendants MASON, JONES, GONZALEZ, and FULTZ, Plaintiff HICKS has suffered severe pecuniary damages, including severe physical and emotional pain and suffering, and loss of normal life.

WHEREFORE, the Plaintiff, HERMAN HICKS, prays for judgment against Defendants MASON, JONES, GONZALEZ, and FULTZ, in a fair and reasonable amount, including compensatory damages, punitive damages, for reasonable attorney's fees and costs, and for any additional relief this Court deems just and proper.

### COUNT II – FEDERAL CLAIM
### VIOLATION OF DUE PROCESS
### DEFENDANT MASON

31. Each paragraph of this Complaint is incorporated as if restated fully herein.

32. Defendant P. MASON initiated criminal charges against Plaintiff HICKS without probable cause and with malice, resulting in deprivation of his liberty without probable cause, in violation of the 14th Amendment to the U.S. Constitution

33. The charges were dismissed against Plaintiff HICKS on June 12, 2019, in a manner indicative of his innocence.

34. As a proximate result of Defendant MASON's misconduct, Plaintiff HICKS suffered loss of liberty, physical and mental anguish, and emotional pain and suffering.

WHEREFORE, the Plaintiff, HERMAN HICKS, prays for judgment against Defendant MASON in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any additional relief this Court deems just and proper.

## COUNT III – FEDERAL CLAIM
## UNLAWFUL DETENTION
### DEFENDANTS MASON, JONES, GONZALEZ, AND FULTZ

35. Each paragraph of this Complaint is incorporated as if restated fully herein.

36. Defendants caused Plaintiff HICKS to be detained unreasonably and without probable cause, resulting in his unlawful detention, in violation of the 4th Amendment to the U.S. Constitution

37. The charges were dismissed against HICKS on June 12, 2019, in a manner indicative of his innocence.

38. As a proximate cause of Defendant MASON's misconduct, Plaintiff HICKS suffered loss of liberty, physical and mental anguish, and emotional pain and suffering.

WHEREFORE, the Plaintiff, HERMAN HICKS, prays for judgment against Defendant MASON in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any additional relief this Court deems just and proper.

## COUNT IV – FEDERAL CLAIM
## FALSE ARREST
## DEFENDANTS MASON, JONES, GONZALEZ, AND FULTZ

39. Each paragraph of this Complaint is incorporated as if restated fully herein.

40. Defendants Mason, Jones, Gonzalez, and Fultz arrested Plaintiff HICKS without probable cause to believe he had committed a crime, in violation of the 4th Amendment to the U.S. Constitution.

41. At all times relevant, Defendants were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Indiana, and within the scope of their employment as Merrillville police officers.

42. As a proximate cause of Defendants' misconduct, Plaintiff HICKS suffered loss of liberty, physical and mental anguish, and emotional pain and suffering.

43. WHEREFORE, the Plaintiff, HERMAN HICKS, prays for judgment against Defendants MASON, JONES, GONZALEZ, and FULTZ, in a fair and reasonable amount, including compensatory damages, punitive damages, for reasonable attorney's fees and costs, and for any additional relief this Court deems just and proper.

### COUNT V -- SUPPLEMENTAL STATE LAW CLAIM
### INDEMNIFICATION
### TOWN OF MERRILLVILLE

44. Each paragraph of this Complaint is incorporated as if restated fully herein.

45. Defendant TOWN OF MERRILLVILLE is the employer of Defendants MASON, JONES, GONZALEZ, and FULTZ.

46. Defendants MASON, JONES, GONZALEZ, and FULTZ committed the acts alleged above under color of law and in the scope of their employment as employees of the TOWN OF MERRILLVILLE.

47. Indiana law provides that governmental entities are directed to pay any tort judgment for any damages for which employees are liable within the scope of their employment activities.

WHEREFORE, should Defendants MASON, JONES, GONZALEZ, and/or FULTZ be found liable on one or more of the claims set forth above, the Plaintiff, HERMAN HICKS, demands that, pursuant to IC 34-13-4-1, the Defendant TOWN OF MERRILLVILLE be found liable for any judgment plaintiff obtains against said defendants, as well as attorney's fees and costs awarded, and for any additional relief this Court deems just and proper.

**DATED:** November 19, 2019

Respectfully submitted,

By:     /s/ Jordan Marsh
        Attorney for Plaintiff

Jordan Marsh
**Law Office of Jordan Marsh**
55 East Monroe Street, Suite 3800
Chicago, IL 60603
(312) 598-2828
jordan@jmarshlaw.com
Atty # 6216489 (IL)